Spalding, J.
The law is settled in Ohio that choses in action, which belonged to the wife at the time of the marriage, if not reduced to possession by the husband during coverture, will survive to the wife. This rule will embrace notes payable to third persons for her use, as well as those payable to herself.
It may be a work of more difficulty to define what the law will consider a reducing to possession.
Upon mature consideration, this court declares the law to be, that the chose in action of the wife may be reduced to possession by the husband during coverture,
First, by.obtaining payment.
Second, by recovering judgment in his own name.
Third, by assigning to third persons, in good faith and foi valuable consideration.
*116 ■ Fourth, by substituting other securities, taken in his own name.
No action of the husband, after the death of the wife, will be effectual to divest her heirs of their rights; but all promis sory notes, payable to her or her order, or to bearer, which remain in statu quo during the continuance of the coverture, however much they may be in the keeping and possession of the husband, will go to her legal representatives, charged with hei debts dum sola.
Notes taken by the husband, in his own name, for lands oi the wife, sold during coverture, will of course belong to him.
By applying these rules to the case before the court, it will be seen that the master’s report is confirmed in all particulars save one. The assignment after the death of the wife is invalid, and the amount of that note must be recovered from the assignees, if the defendant Dixon be unable to pay it.
The cause will be remanded, that a decree may be taken by complainant upon these principles.